**Luis Armando Rosales OROZCO,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

**No. 02–72079.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2004.*

Decided June 28, 2004.

Elizabeth Torres, Foss & Torres, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Victor M. Law-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

rence, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS and FISHER, Circuit Judges.

MEMORANDUM **

Luis Armando Rosales Orozco, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming, without opinion, an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the denial of asylum, *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003), and we deny the petition in part and dismiss it in part.

 Substantial evidence supports the IJ's determination that the two threatening letters received by Orozco did not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (holding that an alien who received numerous death threats and whose colleagues were murdered by the military did not suffer past persecution). Moreover, the recruitment efforts by guerillas were insufficient to constitute persecution on account of political opinion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (holding that forced recruitment without more is insufficient to establish persecution on account of one's political opinion).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because Orozco failed to qualify for asylum, he necessarily failed to satisfy the more stringent standard required to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Orozco's contention that the BIA's streamlining procedure violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 852 (9th Cir.2003).

We lack jurisdiction to consider Orozco's remaining contentions because those issues were not presented to the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 749 (9th Cir.2004), Orozco's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**[1]

---

1. We grant the motion of the American Immigration Law Foundation for leave to file an amicus curiae brief in support of petitioner. The contentions raised in the brief are foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845 (9th Cir.2003).

